IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM B. COLLINGE,

                Petitioner,

v.                                         CASE NO. 24-3096-JWL

BRIAN BELLENDIR,

                Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. At the time he filed the petition, Petitioner Adam B. Collinge, who is proceeding pro se, was a pretrial detainee being held at the Barton County Jail facing state criminal charges. (Doc. 1, p. 1.) Because Petitioner did not submit his petition on the required, court-approved form, the Court required him to resubmit the petition on the form. (Doc. 3.) The Court has now received the petition on the form. (Doc. 4.)

This matter is governed by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

1

include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted). The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed as moot.

As relevant to this federal habeas action, Petitioner was criminally charged in Pawnee County District Court under case number 22-CR-12[2], which will be referred to as the Pawnee County case, and in Barton County District Court under case number 22-CR-423, which will be referred to as the Barton County case. (Doc. 4, p. 2.) The online records of the Kansas district courts reflect that a jury in the Pawnee County Case convicted Petitioner on May 1, 2024 of one count of forgery and one count of theft by deception. As of the date of this order, it does not appear that sentencing has been scheduled.

Although the petition identifies both cases as being challenged, it focuses mainly on the Barton County case. With respect to the Barton County case, Petitioner alleges in the petition that he is actually innocent of the charge, that he is being denied the presumption of innocence, that his requests to appear in court via Zoom have been denied, that he is being held without reasonable bond, and that other irregularities in his criminal proceedings have occurred. *Id.* at 6-7. As relief, he seeks an order directing his immediate release and an award of compensation for the damages he has suffered. *Id.* at 7.

Petitioner advises that he placed his petition in the mail system at Barton County Jail on June 17, 2024. (Doc. 4, p. 8.) However, due to delays by the United States Postal Service, the petition was not received by this Court until July 8, 2024. A review of the related online records

---

[2] In the petition, Petitioner identifies his Pawnee County case number as 22-CR-13. When the Court referred to the available online state-court records, however, Pawnee County case number 22-CR-13 is a criminal case against a different individual than Petitioner. Pawnee County case number 22-CR-**12** is *State of Kansas v. Adam Benjamin Collinge*. Because Pawnee County case number 22-CR-13 is a criminal case against a different individual, this Court presumes that Petitioner meant to write his Pawnee County case number as 22-CR-12.

of the Kansas district courts reflects that, in the meantime, some important events have occurred. In the Barton County case, on June 20, 2024, Petitioner pled guilty to and was convicted of one count of forgery and, in exchange, the State dismissed the remaining charges. Thereafter, Petitioner was released on bond pending sentencing.

When a 2241 is brought to challenge pretrial detention, the subsequent conviction of the petitioner usually renders the 2241 moot. A case becomes moot if an event occurs after filing that "makes it impossible for the court to grant 'any effectual relief.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotations and citation omitted).

Petitioner seeks release from pretrial detention and "compensation for damages," which this Court liberally construes as a request for money damages. (*See* Doc. 4, p. 7.) Money damages are not available as relief in a federal habeas corpus action. As the United States Supreme Court has explained:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser v. Rodreiguez*, 41 U.S. 475, 494 (1973). Thus, Petitioner cannot, as a matter of law, obtain money damages in this action; the only available relief is release.

But it is no longer possible for this Court to grant release from pretrial custody since Petitioner has been convicted in both the Barton County case and the Pawnee County case. Thus, this action appears moot because it is based upon complaints about and seeks relief from pretrial detention but since his conviction, Petitioner is no longer a pretrial detainee; he is a convicted defendant. *See Williams v. Slater*, 317 Fed. Appx. 723, 725 (10th Cir. 2008) (unpublished) (citing *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d. Cir. 1073) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge

not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented.")).

Because there may be circumstances of which this Court is not aware, Petitioner will be granted time in which to show cause, in writing, why this matter should not be dismissed without prejudice as moot. If Petitioner fails to timely respond to this order, this matter may be dismissed without further prior notice to Petitioner. In addition, Petitioner is reminded that if he wishes to pursue his motion to proceed without paying the statutory filing fee (Doc. 5), he must submit "a certificate executed by an authorized officer of the institution in which he . . . is confined" that "state[s] the among of money or securities on deposit to his . . . credit in any account in the institution." (*See* Doc. 5, p. 2.)

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before **August 19, 2024**, why this matter should not be dismissed without prejudice as moot since Petitioner has now been convicted and is no longer in pretrial custody.

**IT IS SO ORDERED.**

DATED:   This 10th day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge