IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM B. COLLINGE,

                Petitioner,

v.                                         CASE NO. 24-3096-JWL

BRIAN BELLENDIR,

                Respondent.

**MEMORANDUM AND ORDER**

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. At the time he filed the petition, Petitioner Adam B. Collinge, who is proceeding pro se, was a pretrial detainee being held at the Barton County Jail (BCJ) facing state criminal charges. (Doc. 1, p. 1.) With his petition, he filed a signed document stating that he was indigent and asking the Court to waive his filing fees and expedite this matter. (Doc. 2.) The same day, the Court issued a notice of deficiency (NOD) advising Petitioner that he was required to either pay the statutory filing fee of $5.00 or submit a proper motion to proceed in forma pauperis. (Doc. 3.)

    The form for filing a motion to proceed in forma pauperis was provided to Petitioner and he was given until July 12, 2024, in which to comply. *Id.* The NOD further cautioned Petitioner that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1. On July 8, 2024, Petitioner filed a motion to proceed in forma pauperis (Doc. 5.) He did not, however, submit the certificate stating the amount of money or securities on deposit to his account in the Barton County Jail, as required in the form motion. *See id.* at 2.

    On July 10, 2024, the Court issued a notice and order to show cause (NOSC) explaining that the Court had conducted the initial review required by Rule 4 of the Rules Governing § 2254

1

Cases in the United States District Courts[1] and it appeared this matter may be moot since Petitioner had been convicted of the charges for which he was being detained and released on bond pending sentencing. (Doc. 6, p. 2-4.) If Petitioner was released, the Court could no longer grant release as relief in this action. In addition, to the extent that Petitioner sought money damages in this matter, money damages are not available in habeas actions as a matter of law. *Id.* at 3. But because there might be additional circumstances of which this Court was not aware, the NOSC gave Petitioner until and including August 19, 2024 in which to show cause why this matter should not be dismissed without prejudice as moot. *Id.* at 4. The NOSC also reminded Petitioner that if he wished to pursue his motion to proceed in forma pauperis, he was required to submit the required certificate regarding his institutional account balance. *Id.* It warned him that if he "fails to timely respond to this order, this matter may be dismissed without further prior notice to Petitioner." *Id.*

The NOSC was mailed to Petitioner at his address of record, the BCJ in Great Bend, Kansas. On August 12, 2024, the Court received the NOSC via returned mail; it had been marked "Return to Sender."[2] (Doc. 7.) The deadlines set forth in the NOD and the NOSC have both now passed and Petitioner has not responded to the NOSC, submitted the financial certificate, or paid the statutory filing fee. Because Petitioner has not responded to the NOSC, the Court maintains its conclusion that this matter must be dismissed as moot. (*See* Doc. 6.)

In addition, under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.
[2] Rule 5.1(b)(3) of the Rules of the United States District Court for the District of Kansas requires a pro se party to "notify the clerk in writing of any change of address." D. Kan. R. 5.1(c)(3).

failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the Court's orders, the Court concludes that this matter also should be dismissed under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter **is dismissed without prejudice** as moot and, in the alternative, for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b). Thus, the motion for leave to proceed in forma pauperis (Doc. 5) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 29th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum<br>JOHN W. LUNGSTRUM<br>United States District Judge